

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*  *973-645-2700*
*Newark, New Jersey 07102*

APT/PL AGR
2022R00521

November 13, 2023

Stacy Biancamano, Esq.
Biancamano Law, LLC
312 North Avenue East, Suite 7
Cranford, NJ 07016

      Re:    <u>Plea Agreement with John DeSalvo</u>

Dear Ms. Biancamano:

      This letter sets forth the plea agreement between your client, John DeSalvo ("DESALVO"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on November 17, 2023, if it is not accepted in writing by that date. If DESALVO does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from DeSalvo to a two-count Information that charges DESALVO with two counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. 240.10b-5. If DESALVO enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against DESALVO for the conduct described in the criminal complaint, Mag No. 23-11153 (AME).

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against DESALVO even if the applicable statute of limitations period for those charges expires after DESALVO signs this agreement, and DESALVO agrees not to assert that any such charges are time-barred.

Sentencing

The violations of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. 240.10b-5 to which DESALVO agrees to plead guilty each carry a statutory maximum term of 20 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence to be imposed upon DESALVO is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence DESALVO ultimately will receive.

Further, in addition to imposing any other penalty on DESALVO, the sentencing judge as part of the sentence:

(1) will order DESALVO to pay an assessment of $200 ($100 per count) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order DESALVO to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order DESALVO, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses;

(4) pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853, must order forfeiture;

(5) pursuant to 18 U.S.C. § 3583, may require DESALVO to serve a term of supervised release for each count of conviction of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should DeSalvo be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, DeSalvo may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, DESALVO agrees to pay full restitution to the victims of the offenses charged in the Information in an amount that fully compensates the victims for the losses sustained as a result of those offenses as set forth in Schedule B to this Agreement.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), DESALVO agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to the offenses charged in the Information. DESALVO further agrees that the aggregate value of such property was $706,797.90; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant (the "Forfeiture Amount"), in an amount not to exceed $706,797.90 (the "Money Judgment"). The defendant consents to the entry of an order requiring the defendant to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

DESALVO waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment

under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

DESALVO further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by the Government. If DESALVO fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if the Government determines that DESALVO has intentionally failed to disclose assets on his Financial Disclosure Statement, DESALVO agrees that that failure constitutes a material breach of this agreement, and the Government reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on DESALVO by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of DESALVO's activities and relevant conduct with respect to this case.

Stipulations

This Office and DESALVO will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and DESALVO waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

DESALVO understands that, if DESALVO is not a citizen of the United States, DESALVO's guilty plea to the charged offenses will likely result in DESALVO being subject to immigration proceedings and removed from the United States by making DESALVO deportable, excludable, or inadmissible, or ending DESALVO's naturalization. DESALVO understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. DESALVO wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause DESALVO's removal from the United States. DESALVO understands that DESALVO is bound by this guilty plea regardless of any immigration consequences. Accordingly, DESALVO waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. DESALVO also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against DESALVO. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude DESALVO from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between DESALVO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: Anthony P. Torntore
Assistant U.S. Attorney

APPROVED:

Desiree Grace
Deputy Chief, Criminal Division

I have received this letter from my attorney, Stacy Biancamano, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: 11-15-23
John DeSalvo


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: 11/15/2023
Stacy Biancamano, Esq.
Counsel for Defendant

Plea Agreement With John DeSalvo

Schedule A

1. This Office and DESALVO recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2023 applies in this case.

3. This Office and DESALVO agree to stipulate that victims sustained losses in the amounts listed in Schedule B to this agreement as a result of the offenses charged in Counts One and Two of the Information. This Office and DESALVO further agree that the losses sustained by the victims of the offenses charged in Counts One and Two of the Information constitute restitution as defined by the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A.

4. Counts One and Two group pursuant to U.S.S.G. § 3D1.2(d) because the offense level is determined largely on the basis of the total amount of loss.

5. The applicable guideline for Counts One and Two is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7 because conviction of the offenses charged in Counts One and Two of the Information each carry a statutory maximum term of imprisonment of 20 years or more.

6. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(H) applies because the loss amount was more than $550,000 but not more than $1,500,000. The offense level is therefore increased by 14 levels.

7. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2)(A)(i) applies because the offense involved more than 10 victims. The offense level is therefore increased by 2 levels.

8. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(10)) applies because the offense involved sophisticated means and DESALVO intentionally engaged in or caused the conduct constituting sophisticated means. The offense level is therefore increased by 2 levels.

9. Accordingly, the adjusted offense level is 25.

10. As of the date of this letter, DESALVO has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if DeSalvo's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

11. As of the date of this letter, DESALVO has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in DESALVO's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) DESALVO enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that DESALVO's acceptance of responsibility has continued through the date of sentencing and DESALVO therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) DESALVO's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

12. If DESALVO establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in [her/his] offense level, resulting in a total Guidelines offense level of 20; otherwise, DESALVO's total Guidelines offense level will be 22 (the "Total Offense Level").

13. Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

14. If the term of imprisonment does not exceed 51 months, and except as specified in the next paragraph below, DESALVO will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 33 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

15. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

(b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

## Plea Agreement With John DeSalvo
## Schedule B

### Count One:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| A.A.E.V. | $ 2,000.00 | J.F.-2 | $ 5,441.13 | C.K.-2 | $ 100.00 | W.R. | $ 2,077.56 |
| E.A.-1 | $ 2,619.88 | A.F. | $ 1,003.79 | A.K. | $ 625.00 | D.R.-1 | $ 1,049.71 |
| S.A. | $ 300.72 | M.F.-1 | $ 2,779.47 | B.K.-2 | $ 500.00 | D.R.-2 | $ 2,032.29 |
| E.A.-2 | $ 14,141.97 | R.F. | $ 11,000.00 | R.K. | $ 500.00 | D.R.-3 | $ 625.00 |
| F.A. | $ 9,046.00 | M.F.-2 | $ 471.43 | M.L. | $ 500.00 | S.R. | $ 1,004.00 |
| B.A. | $ 1,001.54 | D.F. | $ 2,596.24 | T.L. | $ 1,000.00 | T.R.-1 | $ 500.00 |
| R.A. | $ 500.00 | M.F.-3 | $ 2,500.00 | P.L.-1 | $ 500.00 | R.P.G. | $ 1,000.00 |
| M.A. | $ 1,000.00 | A.F. | $ 814.07 | R.L. | $ 25,001.00 | T.R.-2 | $ 500.00 |
| J.B.-1 | $ 5,194.20 | D.F. | $ 1,034.86 | J.L.-1 | $ 559.47 | L.R. | $ 2,000.00 |
| P.B. | $ 3,000.00 | J.G.-1 | $ 500.00 | D.L. | $ 500.00 | R.R. | $ 1,028.11 |
| J.B.-2 | $ 1,061.40 | E.G.-1 | $ 15,000.00 | L.L. | $ 1,000.00 | D.R. | $ 1,500.00 |
| L.B. | $ 5,000.00 | B.G. | $ 1,259.91 | P.L.-2 | $ 3,500.00 | A.S.M. | $ 1,000.00 |
| M.B.-1 | $ 5,794.20 | T.G. | $ 300.00 | J.L.-2 | $ 2,963.03 | S.S.-1 | $10,244.96 |
| M.B.-2 | $ 5,000.00 | D.G.-1 | $ 1,023.72 | G.L. | $ 1,909.91 | B.S.-1 | $ 857.96 |
| S.B. | $ 300.00 | A.G. | $ 1,028.86 | L.M. | $ 2,906.00 | D.S. | $ 255.01 |
| A.B. | $ 2,117.23 | D.G.-2 | $ 1,000.00 | K.M. | $ 500.00 | J.S.-1 | $13,726.15 |
| E.B. | $ 7,470.33 | E.G.-2 | $ 1,000.00 | A.M. | $ 265.00 | J.S.-2 | $ 2,675.27 |
| M.B.-3 | $ 1,510.69 | R.G. | $ 2,000.00 | S.M. | $ 410.00 | C.S. | $ 238.00 |
| K.B. | $ 1,546.57 | J.G.-2 | $ 5,516.54 | D.M.-1 | $ 1,000.00 | R.S. | $ 9,194.36 |
| T.B. | $ 3,572.27 | T.H. | $ 2,000.00 | B.M. | $ 1,786.37 | M.S.-1 | $ 1,100.00 |
| M.C. | $ 359.57 | H.S.S. | $ 3,500.00 | A.M. | $ 4,738.89 | H.S. | $ 3,892.33 |
| T.C. | $ 1,500.00 | B.H. | $ 300.00 | W.M. | $ 1,750.00 | L.S. | $ 8,504.25 |
| D.C.-1 | $ 1,200.00 | G.H. | $ 25,000.00 | M.M. | $ 500.00 | A.S. | $ 2,500.00 |
| Y.C. | $ 200.00 | J.H.-1 | $ 4,976.15 | T.M.-1 | $ 4,316.00 | M.S.-2 | $ 1,800.00 |
| A.C. | $ 600.00 | M.H.-1 | $ 5,094.20 | D.M.-2 | $ 3,273.33 | M.S.-3 | $ 100.00 |
| B.C. | $ 47,185.76 | E.H. | $ 5,001.15 | D.M.-3 | $ 1,000.00 | B.S.-2 | $ 1,137.00 |
| C.C. | $ 1,100.00 | R.H. | $ 25,000.00 | D.M.-4 | $ 572.01 | L.S. | $ 115.00 |
| D.C.-2 | $ 4,000.00 | M.H.-2 | $ 52,324.20 | J.M. | $ 2,089.00 | S.A.M. | $ 1,073.00 |
| W.C. | $ 1,137.00 | A.H. | $ 350.00 | S.M.-1 | $ 4,000.00 | S.S.-2 | $ 550.00 |
| M.C. | $ 625.00 | J.H.-2 | $ 1,100.00 | S.M.-2 | $ 928.45 | K.S. | $11,938.52 |
| A.C. | $ 400.00 | J.W.A.S. | $ 6,500.00 | T.M.-2 | $ 857.96 | S.S.H. | $ 500.00 |
| C.C.S.C. | $ 525.00 | J.J. | $ 2,796.12 | O.M. | $ 1,022.46 | K.T. | $ 1,000.00 |
| K.D. | $ 200.00 | P.J. | $ 200.00 | R.M. | $ 1,000.00 | L.T. | $ 1,005.00 |
| S.D. | $ 557.70 | M.J.-1 | $ 2,594.20 | J.O. | $ 832.16 | D.T. | $ 971.08 |
| C.D.-1 | $ 3,117.41 | G.J. | $ 2,250.00 | C.O. | $ 1,250.00 | R.T. | $ 500.00 |
| B.D. | $ 1,397.20 | M.J.-2 | $ 3,308.23 | M.P.-1 | $ 515.05 | A.V. | $ 2,160.00 |
| L.D.-1 | $ 500.00 | K.J.-1 | $ 8,390.23 | M.P.-2 | $ 300.00 | J.W.-1 | $ 490.05 |
| L.D.-2 | $ 1,000.00 | R.J. | $ 5,494.20 | A.P. | $ 1,160.19 | S.W. | $ 7,326.21 |
| C.D.-2 | $ 2,500.00 | K.J.-2 | $ 297.60 | J.P. | $ 926.82 | K.W. | $ 500.00 |
| J.D. | $ 1,925.00 | J.H. | $ 20,000.00 | N.S.P. | $ 3,475.05 | J.W.-2 | $ 2,216.40 |
| D.D. | $ 300.00 | B.K.-1 | $ 1,000.00 | E.P. | $ 2,000.00 | S.W. | $ 1,000.00 |
| J.E. | $ 1,107.96 | S.M.K. | $ 1,626.31 | S.P. | $ 1,000.00 | N.Y. | $ 1,500.00 |
| M.E. | $ 1,250.00 | D.K. | $ 750.00 | Q.S.C. | $ 1,000.00 | M.Z.-1 | $16,541.39 |
| E.F. | $ 1,000.00 | M.K.-1 | $ 4,756.30 | C.Q. | $ 7,552.60 | M.Z.-2 | $ 2,865.83 |
| D.F. | $ 3,094.20 | C.K.-1 | $ 1,000.00 | L.R. | $ 300.00 | | |
| J.F.-1 | $ 1,250.00 | M.K.-2 | $ 1,000.00 | S.R. | $ 3,530.00 | | |

- 11 -

Count Two:

| | |
|---|---|
| A.A.F. | $5,000 |
| M.M. | $5,000 |
| T.H. | $5,000 |
| J.S. | $5,000 |
| N.C. | $5,000 |
| T.M. | $5,000 |
| M.S. | $20,000 |
| M.K. | $5,000 |
| S.H. | $5,000 |
| L.M. | $5,000 |
| C.H. | $5,000 |
| S.D. | $5,000 |
| J.Q. | $5,000 |
| A.F. | $5,000 |
| A.P. | $2,500 |
| G.L. | $2,500 |
| J.L. | $5,000 |